```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
DAVID BROWN                                    :
1001 McDowell Avenue                           :
Chester, PA                                    :
                    Plaintiff,                 :
                                               :
          VS.                                  :
                                               :
CITY OF CHESTER,                               :   CIVIL ACTION
One Fourth Street                              :   NO.
Chester, PA, 19013                             :
     and                                       :
CITY OF CHESTER POLICE DEPARTMENT,             :   JURY TRIAL DEMANDED
160 East 7th Street                            :
Chester, PA 19013                              :
     and                                       :
JOHN F. FINNEGAN, CHIEF                        :
CITY OF CHESTER POLICE DEPARTMENT              :
160 East 7th Street                            :
Chester, PA 19013                              :
     and                                       :
WILLIAM MCGOLDRICK, BADGE NO. 228,             :
both individually and in his official          :
capacity as a police officer with              :
the City of Chester Police Department          :
     and                                       :
DANIEL HOFFMAN, BADGE NO. 250                  :
both individually and in his official          :
capacity as a police officer with              :
the City of Chester Police Department          :
     and                                       :
JOHN DOE                                       :
both individually and in his official          :
capacity as police officer with the            :
City of Chester Police Department              :
                                               :
                    Defendants.                :
_____ :
```

**CIVIL COMPLAINT**

## INTRODUCTION

1.   This is an action for money damages against all Defendants for violation of Plaintiff's constitutional and common law rights. Plaintiff avers that the individual Defendants unlawfully arrested him for resisting arrest and used excessive force against him. Plaintiff also avers that Defendants City of Chester and the City of Chester Police Department is liable for its custom and practice of permitting and encouraging illegal arrests for resisting arrest and the use of excessive force in committing such arrest, with the result that officers of the Defendants City of Chester and City of Chester Police Department were encouraged to believe that they could violate Plaintiff's constitutional rights. Plaintiff avers that Defendants violated 42 U.S.C. §§ 1983, 1985, 1986, 1988 and state law claims of assault and battery, false arrest, false imprisonment and intentional infliction of emotional distress.

## JURISDICTION

2.   The United States District Court for the Eastern District of Pennsylvania has jurisdiction over this action pursuant to Title 28 U.S.C. Sec. 1331, 1343, 1367(a) and Title 42 U.S.C. Sec. 1983, 1985, 1986, and 1988 and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as well as principles of pendent and ancillary jurisdiction. This action arises out of violations of the Constitution, treaties, and statutes of the United States. Pursuant to Local Rule Civil Procedure 5.1.1 of the United States District Court of the Eastern District of Pennsylvania, which prohibits the averment of specific monetary damages, Plaintiffs aver only that the amount in controversy exceeds the mandatory jurisdictional amount of $75,000.00 and the mandatory arbitration limit of One Hundred Thousand Dollars ($100,000), exclusive of interest and costs.

## VENUE

3. Pursuant to 28 U.S.C. Sec. 1391(b) and 1391(c), the venue of this suit is proper in this district in that the claim arose within the Eastern District of Pennsylvania.

## PARTIES

4. Plaintiff, David Brown is an adult African-American individual who is a citizen of the United States and who resides at the above-captioned address in the City of Chester, Delaware County, Pennsylvania.

5. Defendant City of Chester is a municipality organized under the laws of the Commonwealth of Pennsylvania, which organizes, employs, trains, supervises and authorizes Defendant

City of Chester Police Department.  The City of Chester has its headquarters at the above-captioned address.

6.    Defendant City of Chester Police Department is a branch of the City of Chester government which is charged with the preservation of public order and tranquillity, the promotion of the public health, safety, and morals, and the prevention, detection, and punishment of crimes. The City of Chester Police Department has its headquarters at the above-captioned address.

7.    Defendant John F. Finnegan, is the Chief of the City of Chester Police Department and is authorized to make policy, supervise, direct, operate and manage the City of Chester Police Department.  Defendant Chief Finnegan has his headquarters at the above-captioned address. Defendant Finnegan is being sued both in his capacity as a police chief and in his individual capacity.

8.    Defendant City of Chester Police Officer William McGoldrick, Badge No. 228 was, at all times material to this complaint, a duly appointed police officer and employee of the City of Chester.  Defendant McGoldrick is being sued both in his capacity as a police officer and in his individual capacity.

9.    Defendant City of Chester Police Officer Daniel Hoffman, Badge No. 250 was, at all times material to this complaint, a duly appointed police officer and employee of the capacity as a police officer and in his individual capacity.

10. Defendant City of Chester Police Officer John Doe, Badge No. unknown, is an unknown police officer who was, at all times material to this complaint, a duly appointed police officer and employee of the City of Chester. Defendant Doe is being sued both in his capacity as a police officer and in his individual capacity.

11. At all times relevant to this complaint, all Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the Commonwealth of Pennsylvania and City of Chester.

12. At all times relevant to this complaint, the Defendants acted jointly and in concert with each other. Each Defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other Defendant but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

13. At all times relevant to this complaint, all individual Defendants were the agents, servants, workmen and/or employees of Defendants City of Chester and City of Chester Police Department acting within the scope of their employment with the City of Chester and City of Chester Police Department.

14. At all times relevant to this complaint, Defendants acted separately, in concert, in agreement and in conspiracy

with each other to deprive Plaintiff of his constitutional rights.

## FACTS

15. On April 16, 2002, Defendants McGoldrick, Hoffman and Doe, were on duty as City of Chester Police Officers.

16. At approximately 5:45 p.m. Defendants McGoldrick, Hoffman and Doe observed Plaintiff in the 1000 block of McDowell Avenue in the City of Chester, PA.

17. Upon observing Defendants, they approached Plaintiff outside of 1008 McDowell Avenue, in City of Chester, PA allegedly for the purpose of arresting him for an active bench warrant.

18. As Defendants approached, Plaintiff alighted from the porch of 1008 McDowell Avenue.

19. After Plaintiff left the porch, Defendants McGoldrick, Hoffman and Doe, together and in concert with each other, physically grabbed Plaintiff, threw him to the ground, placed a knee in his back and handcuffed him.

20. After handcuffing Plaintiff, Defendants McGoldrick, Hoffman and Doe, together and in concert with each other, repeatedly and viciously struck Plaintiff about his body and legs with a baton-type weapon, severely breaking one of his legs in three separate places and causing other injuries.

21. After beating Plaintiff as described in above paragraphs nineteen and twenty, all Defendants placed Plaintiff in a police vehicle and transported him to the police station.

22. At the time of the beating, Plaintiff was not attempting to interfere with any Defendant's execution of his duties, and was not engaged in any assaultive behavior toward any Defendant.

23. Defendants were motivated to unlawfully beat Plaintiff as described in above paragraphs nineteen and twenty, at least in part, because of his race.

24. After transporting Plaintiff to the police station, Defendants charged Plaintiff with resisting arrest and disorderly conduct.

25. Subsequently, at Plaintiff's preliminary hearing on these charges, Defendants voluntarily dismissed the resisting arrest charge.

26. As a direct and proximate result of Defendant's acts as described in above paragraphs, Plaintiff has suffered severe and permanent injuries including, but not limited to a leg broken in three places which required several surgeries including skin grafts, has to permanently and forever walk with a limp and pain, has suffered great mental suffering, has incurred medical and legal expenses, and was deprived of his physical liberty.

## COUNT I

**Plaintiff David Brown vs. Defendants William McGoldrick, Daniel Hoffman, and John Doe for violation of 42 U.S.C. § 1983, (excessive force, false arrest, false imprisonment), 42 U.S.C. § 1986 and state law claims of false arrest, false imprisonment, assault and battery and intentional infliction of emotional distress.**

27. Plaintiff David Brown incorporates above paragraphs one through twenty-six herein as fully as if set forth in total hereafter.

28. The actions alleged above by Defendants deprived Plaintiff of the following rights under the United States Constitution:

    a.   Freedom from the use of excessive and unreasonable force.

    b.   Freedom from a deprivation of liberty without due process of law.

    c.   Freedom from summary punishment.

29. Defendants subjected Plaintiff to such deprivations by either malice or a reckless disregard of Plaintiff's rights.

30. Plaintiff's arrest was made without probable cause or reasonable suspicion.

31. Defendants used unreasonable and unnecessary force to effect the arrest of Plaintiff.

32. Plaintiff did nothing to provoke the excessive force and assault and battery.

33. Plaintiff did not consent to the excessive force and assault and battery.

34. The actions of Defendants were extreme and outrageous.

35. As a direct and proximate result of Defendants' acts as described in above paragraphs, Plaintiff has suffered severe and permanent injuries including, but not limited to, a leg broken in three places (which required several surgeries including skin grafts), was forced to endure great pain and mental suffering, to incur medical and legal expenses, and was deprived of his physical liberty.

36. As a direct and proximate result of Defendants' acts as described in above paragraphs, Plaintiff's reputation has been greatly injured and he has been brought into public scandal, disrepute, and disgrace, and has been greatly hindered and prevented from following and transacting his affairs and business, and has suffered great emotional trauma and harm, all to his detriment.

37. As a direct and proximate result of Defendants' acts, Plaintiff was imprisoned, and caused to suffer great mental and emotional anguish and pain, economic loss and loss of all constitutional rights as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David Brown, respectfully requests this Court to:

(a) award Plaintiff general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

(b) award to Plaintiff punitive and exemplary damages in a proper and adequate amount;

(c) award to Plaintiff damages for emotional distress, emotional harm, humiliation, loss of self-esteem, and loss of life's pleasures;

(d) grant to pre-judgment interest in an appropriate amount;

(e) grant to Plaintiff costs of litigation, disbursements and reasonable attorney's fees;

(f) grant to Plaintiff such other additional relief as this court deems just and proper under the circumstances of this case.

**COUNT II**

**Plaintiff David Brown vs. All Defendants for violation of 42 U.S.C. §§ 1983 and 1985, (civil conspiracy)**

38.  Plaintiff David Brown incorporates above paragraphs

one through thirty-seven herein as fully as if set forth in total hereafter.

39. Defendants Finnegan, McGoldrick, Hoffman and Doe acting in their individual capacities and under color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights, to wit:

    a.    The Defendants agreed and acted to intentionally and falsely arrest and imprison Plaintiff as aforedescribed.

    b.    The Defendants agreed and acted to intentionally fabricate and contrive the charge of resisting arrest lodged against Plaintiff as aforedescribed.

    c.    The Defendants agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated the resisting arrest charge and use of excessive force against Plaintiff.

    d.    The Defendants agreed and acted with others to falsely arrest, threaten, use excessive force, and intimidate and terrorize Plaintiff.

    e.    The Defendants agreed and acted with others to punish Plaintiff for having exercised

constitutionally protected rights to confront and question the performance of a public official.

40. As a direct and proximate result of the conspiracy between Defendants and any others as aforedescribed, Plaintiff was beaten, falsely arrested for resisting arrest, and was deprived of his right to be free from unreasonable and unlawful seizure, to equal protection of the laws, to due process rights to be free from arbitrary and unreasonable action, which are secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David Brown, respectfully requests this Court to:

(a) award Plaintiff general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

(b) award to Plaintiff punitive and exemplary damages in a proper and adequate amount;

(c) award to Plaintiff damages for emotional distress, emotional harm, humiliation, loss of self-esteem, and loss of life's pleasures;

(d) grant to pre-judgment interest in an appropriate amount;

(e) grant to Plaintiff costs of litigation, disbursements and reasonable attorney's fees;

(f) grant to Plaintiff such other additional relief as this court deems just and proper under the circumstances of this case.

## COUNT III

**Plaintiff David Brown vs. Defendant John F. Finnegan for violation of 42 U.S.C. §§ 1983 and 1986 (Supervisory Liability)**

41. Plaintiff incorporates above paragraphs one through forty herein as fully as if set forth in total hereafter.

42. Defendant John F. Finnegan, as Chief of Police, knew or in the exercise of due diligence should have known, that the conduct of the other Defendant Officers was likely to occur.

43. Defendant Finnegan failed to take any preventative or remedial measures to guard against the conduct of the other Defendant officers more fully set forth and described herein, Had Defendant Finnegan taken such measures, Plaintiff would not have suffered deprivation of his rights fully set forth herein. The failure of Defendant Finnegan amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiff. Defendant Finnegan

failed to train, instruct, supervise and discipline the Defendant officers, and said failure caused Plaintiff's damages.

44.   After Plaintiff had been arrested, Defendant Finnegan participated, directly or indirectly, in the detention and prosecution of Plaintiff. Defendant Finnegan had knowledge of the widespread and pervasive policy, custom, practice, and usage of racial animosity and intentional discrimination toward African-American citizens and other minorities, that the racially motivated conspiratorial wrongs against Plaintiff were about to be committed, had the power to prevent or to aid in preventing the commission of those wrongs, and neglected to do so. Those wrongful acts were committed as aforedescribed in above paragraphs one through forty and these wrongful acts could have been prevented by the exercise of the reasonable diligence by Defendant Finnegan.

45.   As a direct and proximate result of the aforedescribed unlawful and malicious acts of Defendant Finnegan, Plaintiff was deprived of his right to be secure in his person, against unlawful and unreasonable seizure of his person, to equal protection of the laws, and to Due Process of Law, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 and 1986.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David Brown, respectfully requests this Court to:

(a) award Plaintiff general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

(b) award to Plaintiff punitive and exemplary damages in a proper and adequate amount;

(d) award to Plaintiff damages for emotional distress, emotional harm, humiliation, loss of self-esteem, and loss of life's pleasures;

(c) grant to pre-judgment interest in an appropriate amount;

(d) grant to Plaintiff costs of litigation, disbursements and reasonable attorney's fees;

(e) grant to Plaintiff such other additional relief as this court deems just and proper under the circumstances of this case.

**COUNT IV**

**Plaintiff David Brown vs. Defendants City of Chester and City of Chester Police Department**

46. Plaintiff incorporates above paragraphs one through forty-five herein as fully as if set forth in total hereafter.

47.    Prior to April 16, 2002, Defendants City of Chester and City of Chester Police Department permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable, and illegal beatings and unlawful arrests of African-Americans and other racial minorities by police officers in that:

a.   Defendants City of Chester and City of Chester Police Department failed to discipline or prosecute or in any manner deal with known incidents of excessive force and false arrests.

b.   Defendants City of Chester and city of Chester Police Department refused to investigate complaints of previous incidents of false arrests and excessive force and instead, officially claimed that such incidents were justified and proper.

c.   By means of both inaction and a cover-up of such false arrests and excessive force, Defendants Chester and City of Chester Police Department encouraged police officers employed by it to believe that false arrests and excessive force were permissible.

48.    Defendants City of Chester and City of Chester Police Department has maintained either no or an inadequate system of review of false arrests and use of excessive force. If such system exists, such system has failed to identify instances of

false arrests and use of excessive force or to discipline, more closely supervise, or retrain officers who in fact falsely arrested citizens or used excessive force.

49. On information and belief, the systemic deficiencies include but are not limited to:

    a. Preparation of investigative reports designed to vindicate excessive force and false arrests.

    b. Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police witnesses.

    c. Preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved.

    d. Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigation.

    e. Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

50. Defendants City of Chester and City of Chester Police Department also maintain a system of grossly inadequate training

pertaining to the law of permissible use of force and proper arrest in that the programs in place fail to meet standard police training principles.

51. The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendants City of Chester and City of Chester Police Department are policies and customs of said Defendants to be unaware of the rules and laws governing permissible use of force and proper arrest to believe that arrest procedures and the use of physical force are entirely within the discretion of the officer and the false arrests and excessive force would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to use excessive force in situations where such force is neither necessary nor reasonable nor legal.

52. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of Defendants City of Chester and City of Chester Police Department, the individual Defendants improperly arrested and beat Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Brown, respectfully requests this Court to:

(a) award Plaintiff general damages including, but not limited to, compensation for pain and suffering and harm to his reputation;

(b) award to Plaintiff punitive and exemplary damages in a proper and adequate amount;

(c) award to Plaintiff damages for emotional distress, emotional harm, humiliation, loss of self-esteem, and loss of life's pleasures;

(d) grant to pre-judgment interest in an appropriate amount;

(e) grant to Plaintiff costs of litigation, disbursements and reasonable attorney's fees;

(f) grant to Plaintiff such other additional relief as this court deems just and proper under the circumstances of this case.

LAW OFFICE OF D. LOUIS NICHOLSON

Date: _____        By:_____
                          D. LOUIS NICHOLSON, ESQUIRE
                          ATTORNEY I.D. 47261
                          1822 SPRING GARDEN STREET
                          PHILADELPHIA, PA 19130
                          215-564-7657
                          Fax: 215-366-2028
                          ATTORNEY FOR PLAINTIFF

Case 2:04-cv-01675-TJS     Document 1     Filed 04/16/04     Page 20 of 20